United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **NICOLE ANN VALDEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-162** |
| | § | **Criminal No. 1:15-919-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 30, 2016, Petitioner Nicole Ann Valdez ("Valdez") filed a Motion to Vacate, Set Aside, or Correct her Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Valdez's motion be **DENIED** because Valdez waived her right to file this petition. Furthermore, her claims are legally and substantively meritless.

## I. Procedural and Factual Background

On October 20, 2015, Valdez was charged by a federal grand jury – sitting in Brownsville, Texas – in a three count indictment. Count one charged Valdez with conspiracy to transport undocumented aliens within the United States. Counts two and three charged Valdez with transporting undocumented aliens within the United States, a violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I). U.S. v. Nicole Ann Valdez, Criminal No. 1:15-919-1, Dkt. No. 15 (hereinafter "CR").

### A. Rearraignment & Waiver of Appellate Rights

On November 10, 2015, Valdez appeared before the Magistrate Judge and entered a guilty plea to Count two of the indictment – transporting undocumented aliens within the United States. CR Dkt. No. 29. Her guilty plea was pursuant to a written plea agreement. Id.

Valdez's written plea agreement indicates that she knowingly and voluntarily waived

her appellate rights. CR Dkt. No. 29, ¶ 11

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

CR Dkt. No. 29, ¶ 11

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Valdez's guilty plea. CR Dkt. No. 26.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Valdez was assessed a base offense level of 12 for transporting aliens within the United States. CR Dkt. No. 33, p. 6. Valdez was also assessed an additional three-level enhancement because her offense involved smuggling six or more unlawful aliens. Id.; See U.S.S.G. § 2L1.1(b)(2)(A). Valdez was assessed an additional two-level enhancement because she transported a minor who was unaccompanied by the minor's parent or grandparents. Id.; See U.S.S.G. § 2L1.1(b)(4). Valdez received another two-level enhancement because her offense created a substantial risk of death or serious bodily injury to another person. Id.; See U.S.S.G. § 2L1.1(b)(6). Valdez received a three-level reduction for acceptance of responsibility. Id. Thus, Valdez was accessed a total offense level of 16.

Regarding her criminal history, Valdez had four adult criminal convictions and was assessed five criminal history points. CR Dkt. No. 33, pp. 7-8. This resulted in a criminal history category of III. Based upon Valdez's offense level of 16 and criminal history

category of III, the presentence report identified a guideline sentencing range of 27 to 33 months of imprisonment. Id., p. 13.

On December 2, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Valdez's guilty plea. CR Dkt. No. 31.  On March 8, 2016, the District Court gave Valdez a downward departure and sentenced her to 24 months of imprisonment, three years of supervised release, and a $100 special assessment fee. CR Dkt. No. 37.  The judgment was entered on March 21, 2016. Id

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Valdez's deadline for filing a notice of direct appeal passed on April 4, 2016. Id

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 30, 2016, Valdez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.  In her motion, Valdez asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Valdez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Valdez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Valdez's claim.

### A. Waiver of Appellate Rights

Valdez waived her right to appeal or collaterally attack her sentence when she entered into the plea agreement with the United States.  This waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[1]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement,

---

[1] While the Court has not required the United States to reply to Valdez's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).  Even if Valdez's had not waived her appellate rights, the result would be no different, as her claims are substantively meritless.

provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Valdez knowingly and voluntarily waived her appellate rights.  Valdez's plea agreement expressly states that she was aware of her right to directly appeal her sentence pursuant to 18 U.S.C. § 3742, and her right to collaterally attack her conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 29.  That same paragraph also indicates that Valdez agreed to waive those rights.

Valdez has not provided any evidence to indicate that she was unaware of or misunderstood any of the terms within the plea agreement; or evidence to indicate that she pled guilty involuntarily.  Consequently, the record establishes, without a doubt, that Valdez's waiver was knowingly and voluntarily made.

Moreover, Valdez's waiver clearly applies to this case.  Valdez is attempting to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by her plea agreement.  Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

### B. Johnson is Inapplicable

Even if Valdez had not waived her right to collaterally attack her conviction, her petition is meritless.  Valdez asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  For the reasons discussed below, Johnson does not apply to Valdez's case, because she was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA.  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent

5

felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Valdez, none of it applies to her case.  Valdez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, she was convicted of violating 8 U.S.C. §§1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I). CR Dkt. No. 15.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 33.  Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Valdez with a vehicle for relief.

### C. Gonzalez-Longoria Affords No Relief

Valdez makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in U.S. v. Gonzalez-Longoria, 813

F.3d 225 (5th Cir. 2016).  There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.

Any relief that Valdez may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Accordingly, even if § 16(b) applied to his case, Valdez is entitled to no relief under Gonzalez-Longoria.

Furthermore, an examination of Valdez's sentence clearly shows that there was no error.  Pursuant to U.S.S.G. § 2L1.1(b)(2)(A), a sentence is increased when the offense involves the smuggling of six or more unlawful aliens.  Specifically, when the offense involves the smuggling of 6 to 24 undocumented aliens, the sentence is increased by three levels.  In the instant offense, Valdez transported seven undocumented aliens within the United States. CR Dkt. No. 33, p. 6.

Pursuant to U.S.S.G. § 2L1.1(b)(4), a sentence is increased by two levels when the offense involves transporting a minor who is unaccompanied by the minor's parent or grandparent.  Of the seven undocumented aliens that Valdez transported, one was deemed to be a minor. CR Dkt. No. 33, p. 4.

Finally, pursuant to U.S.S.G. § 2L1.1(b)(6), a sentence is increased by two levels when the offense involved intentionally or recklessly creating a substantial risk of serious bodily injury to another person.  The Sentencing Report recounts that an off-duty Brownsville Police Department ("BPD") officer observed a vehicle that was so heavily laden that its back tires were rubbing against the fenders creating smoke. CR Dkt. No. 33, p. 3.

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

When an on-duty BPD officer attempted to conduct a traffic stop, Valdez – who was driving the vehicle – accelerated, causing her to lose control of the vehicle and collide into a residential car port column. Id.   Approximately 10 subjects, seven of which were undocumented aliens, exited the vehicle and fled on foot. Id.   Valdez's reckless driving created a substantial risk of serious bodily injury to the passengers in the vehicle and the general public.

Despite the term "substantial risk", the Sentencing Guideline provision is not unequivocally unconstitutional.  In Johnson, the Supreme Court concluded that the residual clause, which was determined to be void for vagueness, does not put other criminal laws that use terms such as "substantial risk" in doubt. Johnson, 135 S. Ct. at 2556 ("we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct").[3]

Thus, Valdez's reliance on Johnson and its progeny is factually and legally misplaced. For those reasons, her claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Nicole Ann Valdez's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if she makes a "substantial showing

---

[3]  The Court recognizes that there is a split among the circuits as to whether the void-for-vagueness doctrine, employed in Johnson, applies to the Sentencing Guidelines. Compare Ramirez v. U.S., 799 F.3d 845, 856 (7th Cir. 2015), and U.S. v. Maldonado, 636 Fed. App'x. 807, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016), and U.S. v. Frazier, 621 Fed. App'x. 166, 2015 WL 5062273, at *1-2 (4th Cir. 2015), and U.S. v. Goodwin, 625 Fed. App'x. 840, 843-44 (10th Cir. 2015), and U.S. v. Willis, 795 F.3d 986, 996 (9th Cir. 2015) (assuming that the vagueness doctrine applies to both statutory and Guideline provisions), with U.S. v. Matchett, 802 F. 3d 1185, 1194-95 (11th Cir. 2015). (holding that the vagueness doctrine does not apply to advisory guidelines).  Because the petitioner does not raise the issue, there is no need to address it here.

of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id</u>. at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua</u> <u>sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Valdez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Valdez's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn,</u> 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 18, 2016.

Ronald G. Morgan
United States Magistrate Judge